Concur—Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.

Expo Development Corp., Respondent, v 824 South East Boulevard Realty Corp., Appellant, et al., Defendant. [978 NYS2d 852]—

Defendant failed to set forth a reasonable excuse for its failure to defend against this action to foreclose on a mechanic's lien, since it offered no financial proof of its claim that it was unable to afford counsel (*see Buro Happold Consulting Engrs., PC. v RMJM*, 107 AD3d 602 [1st Dept 2013]). Absent a reasonable excuse for the default, we need not determine whether defendant demonstrated a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Benson Park Assoc., LLC v Herman*, 73 AD3d 464 [1st Dept 2010]). Concur—Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.

In the Matter of Vincent Warren, Petitioner, v John N. Byrne et al., Respondents. Robert T. Johnson, District Attorney, Bronx County, Nonparty Respondent. [979 NYS2d 550]—

Concur—Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.

The People of the State of New York, Respondent, v Jermaine Jackson, Appellant. [978 NYS2d 851]—

Defendant did not preserve the specific claim he raises on appeal regarding the delayed determination of his violation of probation proceeding (*see People v Douglas*, 94 NY2d 807 [1999]; *People v Kyem*, 272 AD2d 136 [1st Dept 2000], *lv denied* 95 NY2d 836 [2000]), and we decline to review it in the interest of justice. As an alternate holding, we conclude that there was no excessive delay, or loss of jurisdiction to impose an incarceratory sentence. After pleading guilty to violation of probation, defendant consented to delays that were intended to benefit him (*see id.*). The court gave defendant extensive opportunities for rehabilitation, which proved to be unavailing.

We perceive no basis for reducing the sentence. Concur— Acosta, J.P., Saxe, Moskowitz and Feinman, JJ.